## Oil City *v.* Wm. L. Lay, Appellant.

*Road law—Paving—Streets—Municipalities—Ordinances—Act of May* 23, 1889.

Under the act of May 23, 1889, P. L. 288, where a petition for the paving of a street is signed by a majority of the owners of abutting property, notice of the petition need not be published in a newspaper.

*Affidavit of defence—Ordinances—Reference to committee—Printing bill.*

An affidavit of defence to a scire facias sur municipal claim for street paving is insufficient, which avers that the bill embodying the ordinance providing for the pavement, " was not referred to any committee after its preparation, nor was it printed at all until after it had passed its first and second reading in the common council."

An affidavit of defence to a claim for paving a street, which alleges that defendant had already paid for grading the street, and that, in paving, the grade had been raised at some points more than a foot, is insufficient, where there is no allegation that the raising of the grade increased the cost of the paving.

Argued Oct. 4, 1894. Appeal, No. 200, Oct. T., 1894, by defendant, from order of C. P. Venango Co., Jan. 7, 1894, No. 16, making absolute a rule for judgment for want of sufficient affidavit of defence. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Scire facias sur municipal claim.

The affidavit of defence was as follows :

" 1. This action is brought to recover the cost of certain improvements made under the authority of an alleged ordinance of the said city providing for the paving of Front street, which said alleged ordinance is void and of no effect for the reasons following :

" *a.* Said city of Oil City is a city of the third class ; section 25, article xv, of the act entitled ' An act providing for the incorporation and government of cities of the third class ' approved May 23, 1889, P. L. 325, provides that, where the paving of any street, lane or alley, or any part thereof, has been petitioned for, no ordinance for such purpose ' shall be passed until five days' notice of the improvement prayed for, with the names of the petitioners therefor, has been given in one news-

paper published in the city;' whereas, the improvement, for which claim is made in this case, was petitioned for by eight property holders, by petition presented to council April 10, 1893, but the notice thereof required by said act was not, at any time, given in any newspaper published in said city, although said alleged ordinance was passed in compliance with and in response to the petition aforesaid.

" *b.* Section 3, article IV, of the act aforesaid, P. L. of 1889, page 282, provides, that 'No ordinance shall be passed by councils except by bill' and 'no bill shall be considered unless referred to a joint or separate committee, returned therefrom and printed for the use of the members;' whereas the bill embodying the said alleged ordinance, was not referred to any committee after its preparation, nor was it printed at all until after it had passed its first and second reading in the common council on the 22d day of May A. D. 1893.

" 2. The assessment made upon the property of the defendant, which is sought to be recovered in this action, includes the cost of re-grading said Front street as well as the cost of paving the same. Said street was graded by the city authorities and the cost thereof assessed upon the abutting property in the year        , and your deponent then paid the amount assessed upon the property now sought to be charged in this action : during the paving of the said street under said alleged ordinance the grade of said street was illegally raised at some points more than a foot, and your deponent is advised and believes that having once been compelled to pay for the grading of said street, he cannot be compelled to pay for the regrading thereof under cover of an alleged ordinance providing for its paving.

" Your deponent is advised and believes that the said improvement having been made under an alleged ordinance which is wholly void for the reasons above stated, and that the assessment having included therein the cost of improvements for which he cannot be made liable, the plaintiff is not entitled to recover anything in this action."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*F. W. Hays,* for appellant.—Advertising the petition was necessary: Act of May 23, 1889, art. 15, § 26, proviso; Morewood Ave., 159 Pa. 30; Ry. v. Allegheny, 92 Pa. 100; Dil. Mun. Corp., 2d ed. § 610; Pittsburg v. Walter, 69 Pa. 365; Olds v. Erie, 79 Pa. 380; Scranton v. Jermyn, 156 Pa. 107.

When the mode of enacting ordinances is prescribed, that mode must be pursued: Dil. Mun. Corp., 2d ed. § 246; Act of May 23, 1889, art. 4, § 2, P. L. 282; 17 A. & E. Ency. L. 238; 15 Ib. 1036; Sank v. Phila., 4 Brewster, 143; Coffin v. Portland, 43 Fed. R. 411; Esling's Ap., 89 Pa. 210; Pittsburg v. Walter, 69 Pa. 365; Ry. v. Allegheny, 92 Pa. 100.

When the adjacent property has paid the original cost of grading or paving a street in a city, it has fully paid for all its local advantages and it cannot be charged for re-grading or re-paving: Asylum's Ap., 111 Pa. 135; Hammett v. Phila., 65 Pa. 146; Alcorn v. Phila., 112 Pa. 498; Morewood Ave., 159 Pa. 20.

*Isaac Ash* and *P. M. Speer,* for appellee, not heard.—Advertising the petition was not necessary. A petition by a majority of the property owners is sufficient: Act of May 23, 1889, art. v, § 3, cl. 10, P. L. 288. The affidavit not denying this, it is held to be conceded: Peck v. Jones, 70 Pa. 84.

The proviso relied upon by appellant applies to § 26 alone. This construction harmonizes the act: Erie v. Bootz, 72 Pa. 196; Phila.'s Ap., 93 Pa. 221.

The affidavit of defence does not allege that the ordinance or bill was not referred to and acted upon by a committee and returned therefrom to the councils, but merely that this was not done after the preparation of the bill. Neither is it alleged that the ordinance was not printed for the use of the members, but merely that it was not printed until after it had passed first and second readings in one branch of councils. The defence does not say that both of these things were not done, but merely objects to the time at which they were done during action upon the ordinance. The act does not specify any particular time.

The affidavit of defence does not state how much the alleged change in grade has increased the cost of the paving, or whether or not it has increased it at all. Such averments are too gen-

eral and uncertain in character, and should be disregarded: Taylor v. Murphy, 148 Pa. 337.

PER CURIAM, Oct. 15, 1894:

We are satisfied from an examination of the record that there was no error in entering judgment against the defendant for want of a sufficient affidavit of defence. For aught that sufficiently appears in the defendant's affidavit, the ordinance, under which the curbing and paving were done and lien therefor filed, was valid and binding, and the plaintiff should be permitted to collect the amount thereof.

Judgment affirmed.